## AJAX BRASS CO v PENNSYLVANIA R R CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11853. Decided Oct 5, 1931

CROW, J (3rd Dist) and RICHARDS and WILLIAMS, JJ (6th Dist), sitting.

David Perris, Cleveland, for Plaintiff in Error.

Messrs. Squires, Sanders & Dempsey, Cleveland, for Defendant in Error.

CROW, J.

It was found that the delivery was lawful, and that the defense that a claim for damages had not been presented to defendant within the six months' period, was not valid. The error relied on for reversal of the judgment is that the finding that delivery had been made, is not sustained by the evidence and that the court should have found for the plaintiff.

It is further urged by plaintiff in error that if the finding on the other issue, namely that of failure to present a claim,

was not sustained by the evidence, defendant in error cannot question that finding because in the trial court defendant made no attack on it.

Assuming, without deciding, although I am strongly of opinion to the contrary, that the finding that a lawful delivery was made was correct, yet the bill of exceptions contains no evidence whatsoever tending to prove that plaintiff made the requisite claim; in other words, the letter relied on (which we need not quote) as constituting the claim, contains no language that will serve as a claim or even notice that a claim would be made.

Thus we have presented the question whether, in the duty to sustain the judgment, if that can be done upon any reasonable view of the record, we can ignore the unsupported finding that a claim was made within the requisite time, notwithstanding the record shows no effort by defendant to raise that question until the case came here. We do not doubt that where all the evidence is brought on the record with a finding of facts and the court erroneously found facts which did not sustain the judgment, and erroneously found other facts which, if found correctly, would support the judgment, a reviewing court will affirm the judgment.

Finding no prejudicial error on the record, the judgment will be affirmed.

Judgment affirmed.

RICHARDS and WILLIAMS, JJ, concur.